UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NYROBI W. ALLEN,

    Petitioner,

v.

    Case No. 25-cv-702-pp

BRADLEY MLODZIK,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On May 13, 2025, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2021 conviction for attempted first-degree intentional homicide, first-degree reckless injury and armed robbery. Dkt. No. 1. He has asked for leave to proceed without prepaying the filing fee. Dkt. No. 4. This order grants the motion to proceed without prepaying the filing fee and screens the petition under Rule 4 of the Rules Governing §2254 Cases.

**I.    Background**

The petition refers to <u>Wisconsin v. Nyrobi William Allen</u>, Milwaukee County Case No. 2020CF000163 (available at https://wcca.wicourts.gov/). After a trial, a jury found the petitioner guilty of two counts of attempted first-degree intentional homicide, one count of attempted first degree intentional

1

homicide of an unborn child, two counts of first-degree reckless injury by use of a dangerous weapon and one count of armed robbery. Dkt. No. 1-1 at 2. The court sentenced the petitioner to a total of fifty-five years of imprisonment, with forty years of initial confinement and fifteen years of extended supervision consecutive to a revocation sentence the petitioner was serving. Id. at 3. The court entered the judgment of conviction on July 27, 2021. Id. at 2.

On appeal, the petitioner argued that his Sixth Amendment right to self-representation was violated, that the court erred by failing to strike two jurors for bias and that the court erred when it calculated restitution. Id. at 9. The Wisconsin Court of Appeals affirmed the judgment of conviction. Id. at 20. The Wisconsin Supreme Court denied the petitioner's petition for review on March 13, 2025. Id. at 22. The petitioner filed this *habeas* petition two months later.

## II.    Motion to Proceed Without Prepaying the Filing Fee

There is a $5 filing fee for filing a habeas petition. 28 U.S.C. §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 4. His request states that he has no assets—no bank account, no retirement account, no investments, no real estate and no valuable other assets. Id. The petitioner's trust account statement shows that as of June 2, 2025, he had a balance of $0.73 in his account with an average monthly balance of $1.58 over the last six months. Dkt. No. 5. Because the petitioner did not have sufficient funds in his prison trust account to cover the $5 filing fee at the time he filed the petition and appears to have no means to pay the

2

filing fee in the future, the court will grant his motion to proceed without prepaying the filing fee.

**III.   Rule 4 Screening**

   A.   Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one

3

year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition raises two grounds for relief. First, the petitioner argues that the trial court improperly denied him his constitutional right to self-representation. Dkt. No. 1 at 6. He states that on April 20, 2021, he informed the trial court he wanted to represent himself, but the trial court did not rule on his request for months and then applied the wrong standard when denying his request. Id. The state court docket reflects that on July 9, 2021, the court held a colloquy with the petitioner regarding his motion to proceed *pro se*; this colloquy occurred on the fourth day of the petitioner's five-day jury trial and about two and a half months after the petitioner states that he asked to represent himself. See Allen, Case No. 2020CF000163. "Self-representation is a

4

Sixth Amendment right, and a trial court may not deny its timely exercise by a competent defendant." Imani v. Pollard, 826 F.3d 939, 944 (7th Cir. 2016). A claim that the court denied a petitioner's Sixth Amendment right to self-representation generally is cognizable on *habeas* review. See id. at 944–47.

In his second ground for relief, the petitioner argues that the trial court improperly denied his request to strike two jurors for cause. Dkt. No. 1 at 7. He states that these jurors "admitted that they would give more weight to police officer testimony than ordinary citizens." Id. Issues of juror bias generally are cognizable on *habeas* review because they may deprive the petitioner of his constitutional right to a fair trial. See Oswald v. Bertrand, 374 F.3d 475, 482 (7th Cir. 2004) (granting habeas relief where trial court failed to properly inquire about juror bias).

The petitioner has stated a claim. The petitioner appears to have exhausted both claims by raising them on direct appeal and petitioning the Wisconsin Supreme Court for review. The petition also appears timely. The petitioner filed this petition two months after the Wisconsin Supreme Court denied his petition for review, well within the one-year limitation period for *habeas* claims. At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds. The court will order the respondent to file an answer or responsive pleading.

5

## IV. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 19th day of July, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**