UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NYROBI W. ALLEN,

                    Petitioner,

                                                    Case No. 25-cv-702-pp

        v.

KENYA MASON,

                    Respondent.

**ORDER GRANTING RESPONDENT'S UNOPPOSED MOTION TO DISMISS (DKT. NO. 19) AND DENYING CERTIFICATE OF APPEALABILITY**

On May 13, 2025, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2021 conviction for attempted first-degree intentional homicide, first-degree reckless injury and armed robbery. Dkt. No. 1. On July 19, 2025, the court granted the petitioner's motion for leave to proceed without prepaying the filing fee, screened the petition and allowed the petitioner to proceed on claims that the trial court improperly denied him his constitutional right to self-representation and denied his request to strike two jurors. Dkt. No. 7 at 5. The respondent filed her answer, dkt. no. 11, along with the record, dkt. nos. 11-1 through 11-16, and the court ordered the petitioner to file his brief in support by the end of the day on November 3, 2025, dkt. no. 12. On October 22, 2025, the court received from the petitioner a letter saying, "Enclosed for filing in this appeal case is petitioner's motion for an extension of time until March 1, 2026, to file his brief

1

in support of his petition for Habeas Corpus." Dkt. No. 13. There was no motion included with the letter. The court construed the letter as a motion for an extension of time and denied it without prejudice because the petitioner had not stated any reason for needing an extension. Dkt. No. 14.

On November 12, 2025, the petitioner filed another motion requesting an extension of time to file his brief, stating that he had been unable to comply with the deadline due to limited lockdown, staffing shortages and restricted access to the library. Dkt. No. 15. The court granted that request and extended the petitioner's deadline for filing his brief to January 30, 2026; the court informed the petitioner that it must receive his brief by the deadline and that it would not further extend the deadline unless he could demonstrate extraordinary circumstances warranting an extension. Dkt. No. 16. On January 12, 2026, the court received yet another letter from the petitioner, again requesting an extension of time; this time, he said that he had been transferred to a new facility and that his "brief work" was on a USB drive that apparently did not transfer with him. Dkt. No. 17. The court construed the letter as another motion for an extension of time and denied it, because the petitioner did not say that he did not *have* his materials—he said only he didn't have the "brief work" that was on his USB drive. Dkt. No. 18. In its order denying the extension, the court explained that if the petitioner needed additional time to file the brief and could establish extraordinary circumstances, he could renew his motion for an extension of time. Id. The court mailed that order to the petitioner at Jackson Correctional Institution,

2

where the Wisconsin Department of Corrections Offender Locator indicates the petitioner remains incarcerated. appsdoc.wi.gov/lop/details/detail. The order was not returned to the court as undeliverable and the court has no reason to think that the petitioner did not receive it. The court has not received from the petitioner either a brief in support or a motion for an extension of time to file it, and the January 30 deadline has long passed.

## I. Respondent's Motion to Dismiss (Dkt. No. 19)

On March 20, 2026, the respondent filed a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c), asserting that the petitioner did not comply with the court's order and has not requested an additional extension. Dkt. No. 19. On April 24, 2025, the court entered an order reminding the petitioner that under the briefing schedule set forth in the court's July 19, 2025 screening order, his response to the motion to dismiss was due by the end of the day on May 4, 2026. Dkt. No. 21. The court ordered the petitioner to file his response to the motion and explained that if he failed to do so, "the court [would] consider the respondent's motion without any input from the petitioner, and may decide to grant the motion." Id. The court sent this order to the plaintiff at Jackson Correctional Institution; the order was not returned as undeliverable.

Under Fed. R. Civ. P. 41(a)(2), the court may grant a plaintiff's request for dismissal "on terms that the court considers proper." The court has discretion to grant dismissal under Rule 41(a)(2) without prejudice. Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473 (7th Cir. 1988). The court abuses that discretion only

3

"when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result" of a dismissal without prejudice. Id. (quoting United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986)).

Even though the court granted him an extension, the petitioner has not complied with the briefing schedule set out in the court's screening order. Dkt. No. 12. He has not filed a brief in support of his petition or a motion for a further extension of time in which to file the brief—even though the court warned him of the consequences of failing to do so. He has not filed a response in opposition to the respondent's motion to dismiss—even though the court warned him of the consequences of failing to do so. As the court stated it would do in its prior orders, the court will dismiss this case without prejudice for the petitioner's failure to prosecute it.

"A litigant's willful failure to prosecute a lawsuit can justify punitive dismissal with prejudice." Krivak v. Home Depot U.S.A., Inc., 2 F4th 601, 606 (7th Cir. 2021). It is within the court's discretion to decide whether the circumstances warrant dismissal with prejudice (which means the petitioner is barred from re-filing). Id. The respondent has asked the court to dismiss the case with prejudice. But the respondent's briefing is sparse and provides little proof that the petitioner deliberately refused to comply with the court's orders. "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983). Here,

4

the court does not know why the petitioner has not filed his opposition brief; it has not heard from him. This is not a case that warrants the harsh sanction of dismissal with prejudice.

The court will dismiss the case *without* prejudice. In doing so, the court acknowledges that, under 28 U.S.C. §2254, a one-year limitation period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Because the petitioner did not seek review by the United States Supreme Court, his conviction became final ninety (90) days after March 13, 2025—the date on which the Wisconsin Supreme Court denied his petition for review—which means that his one-year limitation period will expire on June 11, 2026. See Anderson v. Litscher, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year limitation period does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). Because the court is not ruling on the merits of the petition and is denying the petition without prejudice, the petitioner has the ability to file another petition *before* June 11, 2026 without that petition being an unauthorized second or successive petition within the meaning of 28 U.S.C. §2244.

## II. Conclusion

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 19.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

5

The court **DECLINES** to issue a certificate of appealability because the procedural ruling is not subject to reasonable debate where the petitioner failed to comply with multiple deadlines. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Dated in Milwaukee, Wisconsin this 18th day of May, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6